**HEARING DATE AND TIME: OCTOBER 27, 2021 AT 10:00 A.M.**
**OBJECTION DEADLINE DATE AND TIME: OCTOBER 20, 2021 AT 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

| | |
|---|---|
| In re: : | CHAPTER 7 |
| THOMAS R. HEAVEY, : | CASE NO. 14-46201 (NHL) |
| Debtor. : | |

------------------------------------------------------------------------- x

| | |
|---|---|
| JOHN S. PEREIRA, Chapter 7 Trustee for the estate of : Thomas R. Heavey, : | |
| Plaintiff, : | ADV. NO. 20-01086 (NHL) |
| vs. : | |
| MY PHONE DOCTOR OF PARK SLOPE INC. F/K/A : INFINITI PLUS INC., RAFAEL SHULBERG a/k/a : RALPH SHULBERG, and OLEG ZELTSER, : | |
| Defendants. : | |

------------------------------------------------------------------------- x

### NOTICE OF TELEPHONIC HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

**PLEASE TAKE NOTICE** that a telephonic hearing on *Chapter 7 Trustee's Motion for Approval of Settlement Agreement Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019* (the "Motion") will be held on **October 27, 2021 at 10:00 a.m. (ET)** before the Honorable Nancy H. Lord, United States Bankruptcy Judge, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3577, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Judge Lord's Procedures, the Hearing will be conducted telephonically.  Parties wishing to appear at, or attend, the Hearing must e-mail the Courtroom Deputy by email at: nhl_hearings@nyeb.uscourts.gov at least 24 hours in advance of the scheduled hearing to identify the parties that will appear, as well as an e-mail address where all appearing parties may be reached.  All attorneys must also identify the party the attorney represents.  The dial in for the telephonic appearance is as follows: **Dial in Number 888-363-4734, Access Code – 4702754**.

**PLEASE TAKE FURTHER NOTICE** the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses shall be filed and served no later than **October 20, 2021 at 4:00 p.m. (ET),** must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-559 (General Order M-559 and the Revised Administrative Procedures for Electronically Filed Cases can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), and served via e-mail upon Akerman LLP, Attorney for the Plaintiff, to John P. Campo john.campo@akerman.com together with proof of service thereof.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing **telephonically** unless otherwise ordered by the Bankruptcy Court. Failure to appear may result in relief being granted as requested.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by that time, the relief may be granted as requested.

Dated: New York, New York
      October 5, 2021

                       AKERMAN LLP


By:    */s/John P. Campo*
       John P. Campo
       1251 Avenue of the Americas, 37th Floor
       New York, New York 10020
       Telephone: (212) 880-3800
       E-mail: john.campo@akerman.com

       *Counsel for the Trustee*

60106642;3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| THOMAS R. HEAVEY, | : | CASE NO. 14-46201 (NHL) |
| | : | |
| | : | |
| Debtor. | : | |

------------------------------------------------------------------------- x

| | | |
|---|---|---|
| JOHN S. PEREIRA, Chapter 7 Trustee for the estate of | : | |
| Thomas R. Heavey, | : | |
| | : | ADV. NO. 20-01086 (NHL) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MY PHONE DOCTOR OF PARK SLOPE INC. F/K/A | : | |
| INFINITI PLUS INC., RAFAEL SHULBERG a/k/a RALPH | : | |
| SHULBERG, and OLEG ZELTSER, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------------- x

## CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT PURSUANT TO SECTION 105
## OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

John S. Pereira, chapter 7 trustee (the "Trustee") for the estate of Thomas R. Heavey (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion") this Court, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order approving a settlement agreement (the "Settlement Agreement") entered into by and between the Trustee and Oleg Zeltser ("Zeltser," and together with the Trustee, each a "Party" and collectively the "Parties"). A copy of the Settlement Agreement is attached hereto as **Exhibit "A."** In support of the Motion, the Trustee represents as follows:

## JURISDICTION

1.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) in that it is a matter concerning the administration of the Debtor's estate. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

3.        On December 9, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4.        On or about the Petition Date, the Trustee was appointed as the chapter 7 trustee for the Debtor's estate.

## THE ADVERSARY PROCEEDING

5.        On July 7, 2020, the Trustee filed a complaint, as amended on July 8, 2020 and October 20, 2020 (collectively the "Complaint") seeking, *inter alia*, a judgment for the turnover of a Default Rent Obligation[1] in the amount of $37,800 together with pre-judgment interest and attorneys' fees to compel turnover of property of the Debtor's estate *In re: Pereira v. My Phone Doctor of Park Slope Inc., et al.*, Adv. No. 20-01086-NHL (the "Adversary Proceeding").

6.        On November 18, 2020, Zeltser, *pro se*, served upon the undersigned his answer to the Complaint, which was later filed on December 2, 2020 [ECF Adv. No. 17].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Complaint.

60106642;3

7.      On January 14, 2021, the Trustee filed the Joint Rule 26(f) Report and Discovery Plan [ECF Adv. No. 21].

8.      On June 28, 2021, Zeltser filed the *Motion for Summary Judgment* [ECF Adv. No. 36], *Statement of Undisputed Material Facts* [ECF Adv. No. 37] and *Declaration of Oleg Zeltser* [ECF Adv. No. 38] (collectively the "Zeltser MSJ").

9.      On August 2, 2021, the Trustee filed the *Memorandum of Law in Opposition to the Zeltser MSJ and Cross Motion for Summary Judgment* [ECF Adv. No. 44], *Declaration of John Campo* [ECF Adv. No. 45], *Affidavit of Defendant Ralph Shulberg* [ECF Adv. No. 46], *Statement of Undisputed Material Facts* [ECF Adv. No. 47] and *Counterstatement of Undisputed Material Facts* [ECF Adv. No. 48] (the "Trustee's Cross-MSJ").

10.     On August 5, 2021, pursuant to a stipulation and order allowing the filing of the Declaration of Vasilios C. Nanis (the "Nanis Decl."), the Trustee filed the Nanis Decl. [ECF Adv. No. 51].

11.     On August 20, 2021, Zeltser filed his *Reply Memorandum of Law* in support of the MSJ and in Opposition to the Trustee's Cross-MSJ [ECF Adv. No. 54], *Supplemental Declaration* of Zeltser [ECF Adv. No. 55]; *Reply to Counterstatement* [ECF Adv. No. 56] and *Counterstatement of Undisputed Material Facts* [ECF Adv. No. 57] (collectively the "Zetlser Reply").

12.     On September 3, 2021, the Trustee filed his *Reply* in Further Support of Trustee's Cross-MSJ [ECF Adv. No. 59].

13.     The Court held hearings on the Zeltser MSJ and the Trustee's Cross–MSJ on September 9, 2021 and September 21, 2021, and directed the Parties to settle the motions.

60106642;3

## **PROPOSED SETTLEMENT**

14.      The Trustee and Zeltser have agreed to settle the Adversary Proceeding on the

terms and conditions described below, and as fully set forth in the Settlement Agreement.

15.      After arms' length negotiations, the Trustee reached a settlement with Zeltser,

pursuant to which the Parties have agreed to the following:

(a).      Upon execution of the Settlement Agreement, Zeltser shall pay to the
Trustee the total sum of Six Thousand ($6,000) U.S. Dollars (the
"Settlement Amount"), to be paid as follows:

(i)      an initial payment in the amount of Three Thousand ($3,000) U.S. Dollars
to be paid upon execution of the Settlement Agreement, and to be held in
escrow by the Trustee pending approval of the Settlement Agreement (the
"Initial Payment"); and

(ii)      after the Initial Payment, the balance due in the amount of Three Thousand
($3,000) U.S. Dollars to be paid within two weeks after execution of the
Settlement Agreement (the "Final Installment").

(b).      Zeltser agrees that upon entry of an Order approving the Settlement
Agreement (the "Approval Order") and the Approval Order becoming
final and non-appealable (the "Effective Date"), Zeltser shall not assert
any claim of any sort, including any claim pursuant to section 502(h) of
the Bankruptcy Code, against the Debtor or the Debtor's estate, and that
any such claim filed by Zeltser shall be deemed expunged.

(c).      Upon entry of the Approval Order occurrence of the Effective Date, the
Parties shall exchange mutual releases and, specifically, Zeltser
agrees to "release, acquit, and forever discharge the Trustee, the Debtor or
the Debtor's Estate from any and all claims, causes of action, suits, debts,
liens, obligations, liabilities, demands, losses, costs and expenses
(including attorneys' fees) of any kind, character or nature whatsoever,
known or unknown, fixed or contingent, filed or unfiled, that Zeltser may
have or claim to have arising out of or connected with any facts,
transactions, events, or occurrences existing or occurring prior to the date
of this Settlement Agreement between Zeltser and the Trustee, the Debtor
and the Debtor's estate.

## THE SETTLEMENT AGREEMENT SHOULD BE
## APPROVED BECAUSE IT FALLS WITHIN THE RANGE OF REASONABLENESS

16.    Entry into the Settlement Agreement is in the best interest of the Debtor's estate and should be approved under Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.   Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interest of the estate. Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968); Fisher v. Pereira (In re 47-49 Charles St.), 209 B.R. 618, 620 (Bankr. S.D.N.Y. 1997); In re Ionosphere Clubs, 156 B.R. 414, 426 (Bankr. S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

17.    The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. Nellis v. Shugrue, 165 B.R. 115, 123 (Bankr. S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983); In re Spielfogel, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." In re Hibbard Brown & Co., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

18.    In deciding whether a particular settlement falls within the "range of reasonableness," courts in the Second Circuit consider the following factors: (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation, and the expense, inconvenience and delay necessarily attending it; and (d) the

paramount interest of the creditors. Nellis, 165 B.R. at 122 (citing In re Drexel Burnham Lambert Group, 960 F.2d 285, 292 (2d Cir. 1992)).

19.    While a court must evaluate "all . . . factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Anderson, 390 U.S. at 424-25, a court need not conduct a mini-trial of the merits of the claims being settled, W.T. Grant Co., 699 F.2d at 608, or conduct a full independent investigation. In re Drexel Burnham Lambert Group, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). "[T]he bankruptcy judge does not have to decide 'the numerous questions of law and fact . . . .' The court need only canvass the settlement to determine whether it is within the acceptable range of reasonableness." Nellis, 165 B.R. at 123 (internal citations omitted).

20.    The court may give weight to the informed judgment of the trustee that a compromise is fair and equitable. In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993); accord In re Ashford Hotels Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other."). The Trustee believes that the Settlement Agreement satisfies the standard for approval.

21.    The Trustee has concluded that the Settlement Agreement is fair and equitable, falls well within the range of reasonableness, and enables the Debtor's estate to avoid the cost of protracted litigation. The Trustee has concluded that the undertaking of more litigation in this matter, as opposed to settlement, would be an unnecessary drain on the resources of the Debtor's estate, and would divert the attention from the current efforts to maximize the value of

the Debtor's estate.  The Trustee believes that this represents a benefit to the Debtor's estate, its creditors, and all parties in interest.

22.      The value accruing from the Settlement Agreement, including the elimination of potential litigation costs and the guarantee of obtaining a definite amount from the settlement, represents a benefit to the Debtor's creditors and all parties in interest. Accordingly, the Court should approve the Settlement Agreement pursuant to pursuant to Bankruptcy Rule 9019.

23.      No prior motion has been filed for the relief requested herein.

### NOTICE

24.      Notice of this Motion has been provided to (i) Office of the United States Trustee for the Eastern District of New York, (ii) counsel to Zeltser, (iii) all creditors, and (iv) all parties that, as of the filing of this Motion, have filed a notice of appearance in this case via the ECF notification system.   The Trustee submits that no further notice of this Motion need be given.

### CONCLUSION

For all of the foregoing reasons, the Trustee respectfully request that the Court enter the proposed order, attached hereto as **Exhibit "B,"** granting the Motion, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       October 5, 2021                        AKERMAN LLP


                                             By:   */s/John P. Campo*
                                                   John P. Campo
                                                   1251 Avenue of the Americas, 37th Floor
                                                   New York, New York 10020
                                                   Tel.: (212) 880-3800
                                                   E-mail: john.campo@akerman.com

                                             *Counsel to the Trustee*

# EXHIBIT A

# SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                    :   Chapter 7
                                                          :
THOMAS R. HEAVEY,                                         :   Case No. 14-46201 (NHL)
                                                          :
                        Debtor.                           :
-------------------------------------------------------------------x
JOHN S. PEREIRA, CHAPTER 7 TRUSTEE                        :
FOR THE ESTATE OF THOMAS R. HEAVEY,                       :   ADV. NO. 20-01086 (NHL)
                                                          :
                        Plaintiff.                        :
vs.                                                       :
                                                          :
MY PHONE DOCTOR OF PARK SLOPE INC.                        :
F/K/A INFINITI PLUS INC. and RAFAEL                       :
SHULBERG a/k/a RALPH SHULBERG,                            :
and OLEG ZELTSER,                                         :
                                                          :
                        Defendants.                       :
-------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement") is made and entered into as of this 4th day of October, 2021 by and between John S. Pereira, as Chapter 7 Trustee (the "Trustee") for the estate of Thomas R. Heavey (the "Debtor") and defendant Oleg Zeltser ("Zeltser" and, together with the Trustee, each a "Party" and collectively the "Parties").

## W I T N E S S E T H:

**WHEREAS**, on July 7, 2020 [ECF Adv. No. 1], the Trustee filed a complaint, as amended on July 8, 2020 [ECF Adv. No. 2], and on October 20, 2020 [ECF Adv. No. 9], the Trustee filed the Second Amended Complaint against defendant Zeltser (collectively, the "Complaint"), seeking, *inter alia*, a judgment for the turnover of a Default Rent Obligation[1] in the amount of $37,800 together with pre-judgment interest and attorneys' fees.to compel turnover

---
[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Complaint.

60105759;3

of property of the Debtor's estate in *In re: Pereira v. My Phone Doctor of Park Slope Inc., et al.*, Adv. No. 20-01086-NHL (the "Adversary Proceeding").  The only remaining defendant in the Adversary Proceeding is Zeltser;

**WHEREAS**, on October 20, 2020, the Clerk issued a supplemental summons which set the deadline for the Defendants to respond to the Complaint by November 19, 2020 [ECF Adv. No. 11];

**WHEREAS**, on November 18, 2020, Zeltser, *pro se*, served upon the undersigned his answer to the Complaint, which was later filed on December 2, 2020 [ECF Adv. No. 17];

**WHEREAS**, on January 14, 2021, the Trustee filed the Joint Rule 26(f) Report and Discovery Plan [ECF Adv. No. 21];

**WHEREAS**, on June 28, 2021, Zeltser filed the *Motion for Summary Judgment* [ECF Adv. No. 36], *Statement of Undisputed Material Facts* [ECF Adv. No. 37] and *Declaration of Oleg Zeltser* [ECF Adv. No. 38] (collectively the "Zeltser MSJ");

**WHEREAS**, on August 2, 2021, the Trustee filed the *Memorandum of Law in Opposition to the Zeltser MSJ and Cross Motion for Summary Judgment* [ECF Adv. No. 44], *Declaration of John Campo* [ECF Adv. No. 45], *Affidavit of Defendant Ralph Shulberg* [ECF Adv. No. 46], *Statement of Undisputed Material Facts* [ECF Adv. No. 47] and *Counterstatement of Undisputed Material Facts* [ECF Adv. No. 48] (the "Trustee's Cross-MSJ");

**WHEREAS**, on August 5, 2021, pursuant to a stipulation and order allowing the filing of the Declaration of Vasilios C. Nanis (the "Nanis Decl."), the Trustee filed the Nanis Decl. [ECF Adv. No. 51];

**WHEREAS**, on August 20, 2021, Zeltser filed his *Reply Memorandum of Law in support of the MSJ and in Opposition to the Trustee's Cross-MSJ* [ECF Adv. No. 54], *Supplemental*

*Declaration of Zeltser* [ECF Adv. No. 55]; *Reply to Counterstatement* [ECF Adv. No. 56] and *Counterstatement of Undisputed Material Facts* [ECF Adv. No. 57] (collectively the "Zeltser Reply");

**WHEREAS**, on September 3, 2021, the Trustee filed his *Reply in Further Support of Trustee's Cross-MSJ* [ECF Adv. No. 59]; and

**WHEREAS**, the Parties wish to compromise and settle all of their claims and disputes in the Adversary Proceeding upon the terms and conditions set forth herein, so as to resolve any and all such disputes and claims by and among the Parties while avoiding the costs and uncertainty of further litigation; and

**WHEREAS**, the Trustee has considered the benefit to the Debtor and the Debtor's estate that will be derived from the compromise and settlement of the Adversary Proceeding and has concluded that said compromise and settlement is in the best interest of the Debtor and the Debtor's estate.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1.      This Settlement Agreement is subject to the entry of an order of the Bankruptcy Court approving the Settlement Agreement (the "Approval Order"), and such Approval Order becoming final and non-appealable (the "Effective Date"). The Trustee shall promptly, and in any event within ten (10) days after execution hereof, file a motion seeking the approval by the Bankruptcy Court of this Settlement Agreement (the "Motion"), and Zeltser shall cooperate with the Trustee and support the Motion in all reasonable respects. If, within ninety (90) days after the Motion is filed, or such other time period as agreed by the Trustee and Zeltser in writing, the

Bankruptcy Court does not enter an order approving this Settlement Agreement, through no fault of Zeltser, then within ten (10) days the Trustee shall return the Settlement Amount, as defined below, to Zeltser, and the Parties shall thereafter revert to their respective positions as if this Settlement Agreement had not existed or been executed, and nothing contained in this Settlement Agreement, the Motion seeking Bankruptcy Court approval of this Settlement Agreement or the arguments of counsel and the statements of the Parties in support of Bankruptcy Court approval of this Settlement Agreement shall be deemed admissible for any purpose or used by either Party to the prejudice of the other Party in any subsequent litigation of the controversy. This paragraph shall survive in the event that the Bankruptcy Court does not enter an order approving the Settlement Agreement.

2. Zeltser shall pay to the Trustee the total sum of Six Thousand ($6,000) U.S. Dollars (the "Settlement Amount"), to be paid as follows:

(a) an initial payment in the amount of Three Thousand ($3,000) U.S. Dollars to be paid upon execution of this agreement, and to be held in escrow by the Trustee pending approval of this Settlement Agreement (the "Initial Payment"); and

(b) after the Initial Payment, the balance due in the amount of Three Thousand ($3,000) U.S. Dollars shall be paid within two (2) weeks after the execution of this Settlement Agreement (the "Final Installment").

3. The Initial Payment and the Final Installment payments referenced in sub-paragraphs (a) and (b) above, shall be made by wire transfers, pursuant to wire instructions provided to counsel for Zeltser prior to the execution hereof, to John S. Pereira, as Chapter 7 Trustee for the estate of Thomas R. Heavey. The Trustee shall hold the Settlement Amount in escrow pending approval of this Settlement Agreement by the Bankruptcy Court and the occurrence of the Effective Date.

4.      Zeltser agrees that failure to remit the Initial Payment or the Final Installment by the applicable due date as set forth in paragraph 2 above shall constitute a default under this Settlement Agreement.  The Trustee upon giving notice of such default, in writing, to Zeltser with a copy to counsel to Zeltser (which notice may be given by e-mail or overnight mail), and Zeltser failing to cure such default within five (5) business days, the Trustee shall be entitled to seek a judgment against Zeltser that determines and holds Zeltser liable for all amounts due under this Settlement Agreement.

5.      Zeltser agrees that, upon entry of the Approval Order and occurrence of the Effective Date, Zeltser will not assert any claim of any sort, including any claim pursuant to section 502(h) of the Bankruptcy Code, against the Debtor or the Debtor's estate, and that any such claim filed by Zeltser will be deemed expunged.

6.      In consideration for the Settlement Amount, effective upon full receipt of the Settlement Amount and entry of the Approval Order and occurrence of the Effective Date, the Trustee releases, acquits, and forever discharges Zeltser from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, filed or unfiled, that the Trustee, the Debtor or the Debtor's estate may have or claim to have arising out of or connected with any facts, transactions, events, or occurrences existing or occurring prior to the date of this Settlement Agreement.

7.      Upon entry of the Approval Order and occurrence of the Effective Date, Zeltser releases, acquits, and forever discharges the Trustee, the Debtor and the Debtor's estate from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known or

60105759;3

unknown, fixed or contingent, filed or unfiled, that Zeltser may have or claim to have arising out of or connected with any facts, transactions, events, or occurrences existing or occurring prior to the date of this Settlement Agreement.

8.      This Settlement Agreement constitutes the entire agreement and understanding between the parties relating to the subject matter contained herein, and this Settlement Agreement may not be altered, amended, or modified in any respect, except by a writing duly executed by the Parties hereto or their successors in interest.

9.      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their legal representatives, successors, assigns, heirs, personal representatives, and predecessors in interest, but only after it has been approved by the Bankruptcy Court.

10.     The Trustee and Zeltser each acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Settlement Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.  The Parties further hereby each acknowledge that they have had input into the drafting of this Settlement Agreement or, alternatively, have had an opportunity to have input into the drafting of this Settlement Agreement.  Accordingly, in any construction to be made of this Settlement Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Settlement Agreement and the expressed intent of the Parties.

11.     Promptly, and in any event within five (5) business days, after the Effective Date, the Parties will execute and the Trustee will file a stipulation of dismissal, with prejudice, of the Adversary Proceeding.

12.     This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and the laws of the State of New York.

13.     Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court.

14.     This Settlement Agreement and the negotiations and discussions leading up to this Settlement Agreement and the transactions contemplated hereby effect the settlement of claims which are denied and contested, and do not constitute, nor shall they be construed as, or offered as evidence in any action or proceeding of, an admission of liability by any Party.

15.     The undersigned attorneys hereby represent and warrant that they are authorized to execute this Settlement Agreement and any other documents that are hereafter deemed necessary to effectuate this Settlement Agreement on behalf of their respective clients.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed as of the day and year first above written.

Dated: New York, New York
          October 4, 2021

**AKERMAN LLP**


By:____*/s/John P. Campo*____
          John P. Campo
          1251 Avenue of the Americas,
          37th Floor
          New York, New York 10020
          Tel. No. (212) 880-3800
          E-mail: john.campo@akerman.com


*Counsel for the Plaintiff/Trustee*

Dated:  New York, New York
            October 4, 2021

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**


By:____*/s/Stephanie R. Sweeney*____
          Fred Stevens
          Stephanie R. Sweeney
          200 West 41st Street, 17th Floor
          New York, NY 10036
          Tel. No.: (212) 972-3000
          E-mail: FStevens@klestadt.com
          E-mail: SSweeney@klestadt.com


*Counsel for the Defendant Oleg Zeltser*

# EXHIBIT B

# PROPOSED ORDER

60106642;3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                          :    CHAPTER 7
                                                :
THOMAS R. HEAVEY,                               :    CASE NO. 14-46201 (NHL)
                                                :
                                                :
            Debtor.                             :
-------------------------------------------------------------------x
JOHN S. PEREIRA, Chapter 7 Trustee for the estate of    :
Thomas R. Heavey,                               :
                                                :    ADV. NO. 20-01086 (NHL)
                        Plaintiff,              :
                                                :
            vs.                                 :
                                                :
MY PHONE DOCTOR OF PARK SLOPE INC. F/K/A        :
INFINITI PLUS INC., RAFAEL SHULBERG a/k/a       :
RALPH SHULBERG, and OLEG ZELTSER,               :
                                                :
                        Defendants.             :
--------------------------------------------------------------- x

**ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION FOR
APPROVAL OF SETTLEMENT AGREEMENT PURSUANT TO SECTION 105 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

This matter coming before the Court on October 27, 2021 (the "Hearing") upon the

motion [**ECF No. __; ECF Adv. No. ___**] of John S. Pereira, as chapter 7 trustee (the

"Trustee") for the estate of Thomas R. Heavey (the "Debtor"), for entry of an Order (the

"Order") approving a Settlement Agreement pursuant to section 105 of the Bankruptcy Code

and Bankruptcy Rule 9019 (the "Motion")[2]; and the Court having reviewed the Motion; and no

objections having been filed to the Motion; and it appearing to the Court that it (i) has

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 157 and 1334, (ii) this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and upon the record of the Hearing,

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

including representation of counsel for the Trustee; and proper notice of the Motion having been given; and the Court having found that the Stipulation

of Settlement reflects a reasonable exercise of the Trustee's business judgment and is in the best interest of the Debtor's estate; it is hereby ORDERED:

1.    The Motion is GRANTED.

2.    The Trustee is hereby authorized to enter into the Settlement Agreement with Oleg Zeltser, a copy of which is attached hereto as **<u>Exhibit 1</u>**.

3.    The terms of the Settlement Agreement are hereby approved.

4.    The Court will retain jurisdiction to consider any and all disputes or other issues that may arise relating to this Order and/or the Settlement Agreement.

5.    The Trustee is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of the Settlement Agreement and this Order.

6.    This Order shall be effective immediately upon entry by the Court.

**SO ORDERED:**

**DATED: NEW YORK, NEW YORK**
       **OCTOBER __, 2021**

**PROPOSED**

_____
**HON. NANCY H. LORD**
**UNITED STATES BANKRUPTCY JUDGE**

60106642;3